The opinion of the Court was delivered by
O’Neall, C. J.
In this case, it seems that the defendant visited the mortgagor on his plantation, in Florida, and saw the mortgage, under which the complainant claims, on record. This, beyond all doubt, was sufficient notice to him. It is true, his debtor told him that the mulatto man Thomas, then before him, and described in the mortgage as “a mulatto man named Thomas, about twenty-two years of age,” was *237 not the man in the mortgage, bat that he was another man of the same name. Whether there ever was* another mulatto man named Thomas, who belonged to Chambers, does not appear. He had a black man of that name.
The defendant, with the knowledge which the mortgage gave him, purchased the mulatto man, named Thomas, in satisfaction of his debt, removed him from Florida, and in Charleston sold him at auction, without a warranty, to a negro trader, for $800. The question is, who in equity-must bear the loss ? Beyond all doubt, the complainant’s legal title is perfect; but he canuot avail himself of it, inasmuch as the defendant, knowing or believing that the slave would be recovered from him, if he remained in South Carolina, sold him to one who was likely to remove him, and who did remove him to parts uuknown. I am clear the defendant is answerable. The cases of Pickett vs. Pickett, 2 Hill Ch., 471 ; Pettus vs. Smith, 4 Rich. Eq., 196, are full and clear authorities to that point. But it may be, as has been suggested, that the other mortgaged slaves which have been sold, and the other property, real and personal, mentioned in the mortgage, may have been, or ought to have been applied to the satisfaction of the mortgage, and that thus the mortgagee has a sufficient remedy without resorting to the slave sold by Aiken. To reach what may be the true state of facts in these respects, and also to ascertain the amount of the complainant’s debt, it is necessary that the mortgagor, W. E. Chambers, should be a party.
It is therefore ordered and decreed, that the circuit decree be set aside, and the case remanded to the circuit, with leave to the complainant to so amend his bill as to make W. E. Chambers, Jr., a party, and to set out his mortgage more fully, and the debt secured thereby, and the property therein mortgaged, and what has become of the same; and any other matter which he may be advised, is material to his cause.
Johnston and Wakdlaw, J. J., concurred.

Decree set aside.